# CASES

JAMES VAN RIPER and PHILIP VAN RIPER v. ADRIAN VAN RIPER and ABRAHAM VAN RIPER, executors of PHILIP VAN RIPER, deceased.

A legacy will be presumed to be a satisfaction of a demand against the testator, where there are no circumstances showing a different intention.

The general rule, that a legacy will be deemed a satisfaction of a debt due from the testator to the legatee, is not favored, and applies only where no presumption to the contrary can be drawn from the face of the will.

Where the testator by his will directs the executors "to pay all his just debts;" where the legacy is payable when the legatee arrives at age, and where the debt is in a measure unliquidated, the legacy is no satisfaction of the debt.

A present debt can never be satisfied by a contingent legacy.

THE bill was filed by the children and next of kin of Abraham P. Van Riper, for the recovery of their distributive share of his estate. It charges, that Abraham P. Van Riper died intestate; that his estate came to the hands of Philip Van Riper, one of his administrators; that Philip Van Riper afterwards died, having executed his last will and testament, and appointed the defendants

2

[Van Ripers v. Van Riper's Executors.]

his executors. The bill prays an account, and a decree for the clear residue after the payment of debts. The answer admits the material allegations of the bill, but insists that the claim of the complainants was satisfied by certain devises and legacies to them, contained in the last will of the said Philip Van Riper. The only question submitted to the court was, whether the devises and bequests in the will operate as a bar to the complainants' demand.

*Frelinghuysen*, for defendants, cited 6 *Ves.* 369; 3 *P. W.* 353; 4 *Ves.* 464; 3 *Ves.* 535; 2 *Vernon*, 484; 2 *Atk.* 521–2; 3 *Atk.* 67, 97–8; 2 *Brown's Chan.* 352, 530; *Preston on Legacies*, 342–7; 4 *Madd.* 420.

*P. Dickerson*, for complainants, cited 2 *P. W.* 555; 1 *P. W.* 410; 1 *Esp. Rep.* 187–8; 1 *P. W.* 300; 1 *Atk.* 428; 6 *Ves.* 238; 3 *Atk.* 96, 98; 2 *Atk.* 300; 4 *Ves.* 383; 3 *Atk.* 65; 2 *Ves. sen.* 636; 2 *Salk.* 508; 1 *Dess.* 314; 3 *Ves. jr.* 466.

THE CHANCELLOR. Abraham P. Van Riper died in the year 1822, intestate, leaving considerable personal estate, and more than sufficient for the payment of his debts; and leaving also the complainants, his next of kin, entitled to the same. Philip Van Riper, the father of Abraham P. Van Riper, and James I. Post, took out letters of administration upon the estate of Abraham P. Van Riper, made and filed an inventory and appraisement thereof, and otherwise took the charge and settlement of the same; but both died without rendering any account, or finally settling up the business. The bill charges, that Philip Van Riper was the active man in the management of the business, and collected considerable sums of money, which he never paid over to the complainants. Philip Van Riper died in the year 1834, leaving a last will and testament, and therein appointed the defendants executors thereof; who proved the said will, and took upon themselves the execution thereof. The bill seeks an account of the defendants as such executors, of the estate of Abraham P.

[Van Ripers v. Van Riper's Executors.]

Van Riper in the hands of their testator, and prays a decree for the payment to the complainants of the clear residue of the estate of their father, Abraham P. Van Riper, as upon such account shall appear to be due to them. The defendants have answered, admitting these facts; but insist, that by the will of Philip Van Riper, he devised to the complainants certain lands, and also bequeathed to each of them a legacy of five hundred dollars. That these legacies greatly exceed the amount due the complainants from Philip Van Riper, as the administrator of their father; and that, by the said will, the complainants are made residuary legatees, each, of one equal fifth part of the testator's estate. It is insisted, that these several devises and bequests to the complainants, and particularly the legacy of five hundred dollars to each of them, are in satisfaction of the complainants' demand in this cause; and I am desired by counsel to decide this question alone.

The general principle is well settled, that a legacy will be presumed to be a satisfaction of a demand against the testator. This is the rule where there are no circumstances in the case, or upon the face of the will, showing a different intention. The rule is founded on the presumption that such was the intention of the testator. For the general rule, I refer to *Preston on Legacies*, 339, 342, and 347; 6 *Vesey*, 321; 3 *Peere Williams*, 353; 2 *Vernon*, 484; 2 *Atkyns*, 521-2; 3 *Atkyns*, 68, 97.

While the general rule of ademption is thus well settled, and as I think a very proper and just one in many cases, it is very observable that courts do not favor it much, and have refused to extend it any further than to the simple case of considering it as satisfaction where no presumption to the contrary can be drawn from the face of the will. This disinclination to the rule is manifested in what is said by the court in the cases just referred to in *Peere Williams* and 3 *Atkyns*. They seem not only willing, but desirous of laying hold of any circumstances to take the case out of the general rule. The lord chancellor, in the last case cited, uses this strong language : "In later cases the court have said this doctrine has been carried too far, for legacies naturally

imply a bounty; and therefore, though the court of late have not altogether disavowed this doctrine of satisfaction, yet they have been very inclinable to lay hold of any circumstances to distinguish the latter from former cases."

In 1 *Atkyns*, 428, it was held that a devise of land could not be taken in satisfaction for money.

In 1 *Peere Williams*, 410, which is a strong case on this subject, the lord chancellor took the case out of the general rule, (which was fully admitted,) on the ground that the will directed " all the testator's *debts* and legacies to be paid."

In 1 *Esp. Cases*, 188, lord Kenyon ruled that a legacy was never deemed a satisfaction of an unliquidated demand; and in 2 *Atkyns*, 300, it was held, that the fact of the legacy being contingent took the case out of the general rule.

While I admit the force and propriety of the general rule, as I have stated it, and of the exceptions which have from time to time been taken, in looking into the will now before the court I have no hesitation in arriving at the conclusion, that the devises and bequests there made to the complainants, were never intended by the testator as a satisfaction of the demand made in this action.

In the first place, the testator in express words directs his executors to pay all his just debts. In the second place, in the devise to the complainants of the lands, the will directs the division to be made between them when Philip should arrive at age, when he was to take possession of his share; and in like manner with James, when he should arrive at age; and in the mean time the executors to receive the rents, and out of his estate generally to give them a good common education and trades. The five hundred dollars was not to be paid to them till they severally arrived at age. All the cases agree, that a present debt can never be satisfied by a contingent legacy. Nor can there be any reasonable presumption that this testator ever intended to pay a demand due at the time, by legacies to be payable at a future day. The debt may also be considered in this case in a measure as unliquidated; he had never settled his accounts as

administrator. They are all open to this day, and it seems from the answer of these defendants, that they have considerable difficulty in ascertaining how much the balance due is. This case is in my judgment made stronger, from the fact, that the debt due by the testator was not in his own personal right, but as the representative of another man's estate. From all these circumstances, it would be going too far, and pressing the rule beyond its proper limits, to consider the provisions made in this will in the light of a satisfaction to the complainants.

I shall therefore direct a reference to a master, to state an account, as prayed by the bill.