## Mary Tompson v. Almira E. Wilson et al.

1. LEGACIES—*When Deemed in Satisfaction of a Debt.*—Where a legacy is given to a creditor, it is deemed a satisfaction of the debt in cases where it is equal to or greater in amount than the debt, of the same nature, certain, and not contingent, and if there appear to be no particular motive for the gift.

**Bill to Construe a Will.**—Trial in the Circuit Court of Pike County; the Hon. JOHN C. BROADY, Judge, presiding.    Decree for complainant. Appeal by defendant    Heard in this court at the November term, 1898. Reversed and remanded.    Opinion filed February 7, 1899.    Rehearing denied.

W. L. COLEY, attorney for appellant.

A legacy to a creditor, equal to or greater in amount than an existing debt, certain and not contingent, and of the same nature, where the debt was contracted before the bequest was made, and no motive is assigned for the gift, is deemed in equity a satisfaction of the debt.    But no presumption of satisfaction arises where the legacy is of less amount than the debt, contingent, uncertain, or of a differ-

ent nature, either as to subject-matter or interest; nor where there is a difference in the times of payment of the debt and legacy, or the debt is upon an open and running account or unliquidated demand. 13 Am. and En. Ency. 82; Fetrow v. Kraus, 61 Ill. App. 238.

Generally a will is not to be construed by anything *dehors*, where there is no latent ambiguity, and parol evidence is not admissible to show the intention of the testator against the construction on the face of the will, and the state of his property can not be resorted to, to explain the intention. Heslop v. Gatton, 71 Ill. 531; Wentworth v. Read, 61 Ill. App. 542; Brooks v. Brooks, 65 Ill. App. 332; Tole v. Hardy, 6 Cow. 333; Kurtz et al. v. Hibner, 55 Ill. 514.

A latent ambiguity in a will, which may be removed by extrinsic evidence, may arise, first, either when it names a person as the object of a gift or a thing as the subject of it, and there are two persons or things that answer such name or description, or, second, when the will contains a misdescription of the object or subject, as where there is no such person or thing in existence, or if in existence, the person is not the one intended, or thing does not belong to the testator.    Patch v. White, 117 U. S. 210.    (Cited and approved in Whitcomb v. Rodman, 156 Ill. 121.)

EDWARD DOOCY, attorney for appellees.

The fundamental rule in the construction of wills is, that the intention of the testator, if not inconsistent with some established rules of law, must control.    Crerar v. Williams, 145 Ill. 625.

In the construction of a will, the court will put itself as far as possible in the position of the testator at the time of the execution of the will.    Snyder v. Warbasse, 11 N. J. Eq. 446; Leigh v. Savidge, 14 N. J. Eq. 124; Smith v. Wells, 7 Met. (Mass.) 240; Popkin v. Sargent, 10 Cush. (Mass.) 327; Smith v. Bell, 6 Pet. (U. S.) 68; Peters v. Spillman, 18 Ill. 370; Deeker v. Deeker, 121 Ill. 341; Bingel v. Voltz, 142 Ill. 214; Wicker v. Ray, 118 Ill. 472.

It is always competent to consider the attendant facts

Tompson v. Wilson.

and circumstances from which an intention to give or not to give may be inferred. Current v. Fago, 1 Collier's Chancery, 262; Ebrand v. Dresser, 2 Ch. Cases, 26; Capek v. Kropek et al., 129 Ill. 576.

In general, where a legacy is given to a creditor it is deemed a satisfaction of the debt if is equal to or greater in amount than the debt, of the same nature, certain, and not contingent, and if there appear to be no particular motive for the gift. Fetrow v. Krause, 61 Ill. App. 235.

The general rule as stated by Sir J. Trevor, master of the rolls, in the leading case of Talbot v. Duke of Shrewsbury, is as follows: " If one being indebted to another in a sum of money, does, by his will, give him a sum of money as great or greater than the debt, without taking any notice of the debt, this shall, nevertheless, be in satisfaction of the debt, so that he shall not have both the debt and the legacy." Pomeroy's Eq. Jur., Sec. 527; Strong v. Williams, 12 Mass. 389; Roper on Legacies, Secs. 1025, 1052; Chancey's Case, 1 P. Wm. 408; Reynolds v. Robinson, 82 N. Y. 103.

A legacy exactly corresponding in amount and time of payment to an existing debt of the testator to the legatee, and given by a will which contains no provision indicating a different intention, is to be presumed to be in satisfaction of the debt and not in addition thereto. Allen v. Merwin, et al., 121 Mass. 378; 2 Story on Eq., Jur. 1109, 1119, 1120.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity filed by appellees against appellant to construe the will of Andrew Wilson, deceased, in several respects. The only point involved upon this appeal is the clause of the will by which appellant is bequeathed the sum of $500. It appears from the evidence that appellant and her cousin Sarah, were taken in early life by the testator, Wilson, appellant eleven months and Sarah eight years old, and brought up to womanhood, they being nieces of the deceased. Appellant's father left $2,000 in life insurance, of which the net one-sixth share, $285, belonged to her. The deceased, Andrew Wilson, was appointed guard-

ian for appellant, received the money for her as such, had it fourteen years, and died before appellant was eighteen years of age. The deceased never made any inventory or rendered any account to the County Court of his guardianship during his lifetime. After the death of Andrew Wilson, the appellee, Almira E. Wilson, his widow, as executrix, made settlement with appellant for the money due from the testator as guardian, and paid to her on account of such guardianship the sum of $300 in full of that claim. The purpose of the present bill, so far as it affected appellant, was to obtain a construction of the will to the effect that the $500 legacy given to her by the will of Andrew Wilson was intended by the testator as payment of his obligation to her as guardian, and the court so decreed, and directed that the $300 paid to appellant by the appellee, Almira E. Wilson, in settlement of the guardianship of the testator, be applied upon the legacy contained in the will, leaving as bounty the sum of $200 only, from which decree appellant prosecutes this appeal.

The debt due from the deceased, being of a fiduciary character, and for which he was legally bound to account in the County Court, was not of that nature of indebtedness to which the law sometimes attaches a presumption that it was the intention of the testator to pay by a legacy in his will in favor of his creditor, and the will in this case is otherwise wholly silent upon this subject. The oral proof admitted by the court explanatory of this point, if admissible at all, when fairly considered, rather tends to sustain the positive provision of the will that the legacy was intended as a gift. The contention of appellee is that it is the general rule that where a legacy is given to a creditor, it is deemed a satisfaction of the debt, if it is equal to or greater in amount than the debt, of the same nature, certain, and not contingent, and if there appear to be no particular motive for the gift. While, for the purposes of this case, it may be conceded that such is the law, still such a law can have no application here, for it can not be claimed there was any similarity either in the amount or nature of the legacy with the debt due to appellant, and there was a particular

C. & A. R. R. Co. v. Pettigrew.

motive for the gift to her.   Had the testator made an accounting to the County Court, as by law he was required to do, it would have appeared that the sum he owed to her as guardian was much greater than the amount of the legacy. in which case the legal presumption, so much relied upon by appellee, that the legacy was intended as a payment merely of such debt, would thereby be rebutted.   There was no evidence tending to show that the testator ever designed charging the girl for her maintenance or education, and the circumstances rather rebut that inference, and besides, such matters being peculiarly within the province of the County Court to determine, strong reasons should exist before a court of equity would be warranted in interposing, and that, too, at the instance of the party, or his representative, who is in default.

A settlement was made with the young woman by the representative of the estate, out of court, without legal advice as to her rights, and $300 paid to her in full of her claim against her guardian, of which she does not now complain; and at this time, the evidence shows, she was informed the will contained a clause giving her $200 only, when in fact that was a mistake.   The settlement of the guardianship matter had no relation with the provisions of the will, and it was so understood by all the parties at that time, and we can not understand how the decree of the court can be maintained wherein it declares that $300 of the $500 bequeathed to appellant was intended by the testator as a payment of that amount owed by him to appellant.

We are of the opinion the decree of the Circuit Court is erroneous, and it will be reversed and the cause remanded.