PITTS et al. v. VAN ORDEN et al.

(Court of Civil Appeals of Texas. Texarkana. May 5, 1913. On Motion for Rehearing, July 3, 1913.)

1. WILLS (§ 734*)—SUPPRESSION—LIABILITY OF HEIR—INTEREST.

Where testatrix's sole heir, by suppressing her will, obtained possession of her whole estate, including a legacy to another, and the heir later died leaving a will bequeathing a legacy to such legatee more than sufficient to satisfy the legacy in the original will, the heir's executor was not liable to such legatee for interest on the original legacy at the highest rate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1847–1872; Dec. Dig. § 734.*]

On Rehearing.

2. WILLS (§ 714*)—BEQUEST TO CREDITOR—SATISFACTION OF DEBT.

Decedent, who was testatrix's sole heir, by suppressing her will in which she bequeathed to V. $500 and an undivided interest in certain land, obtained the whole estate which he used during his lifetime, but left a will himself bequeathing to V. $1,000, which was more than sufficient to pay his indebtedness to V. for the conversion of her interest in testatrix's estate with interest at 6 per cent. Decedent and V. were cousins, having grown up as children together, and decedent made bequests to other persons to whom he was neither related nor indebted and left an estate more than sufficient to satisfy any debts he owed and all the special bequests made. Held, to indicate an intent on decedent's part that his bequest to V. should not operate as payment of his debt to her by the conversion of her legacy.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1698–1703; Dec. Dig. § 714.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Mrs. Annie Ward Van Orden and others against Mrs. Hattie Pitts and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded on rehearing.

Beard & Davidson, of Marshall, for appellants. P. M. Young, of Marshall, for appellees.

WILLSON, C. J. Mrs. Ann Eliza Morphis died January ——, 1896, leaving a will by the terms of which she bequeathed to her grandson, John M. Gardner, $1,000 and other property not necessary to specify, and to her niece, appellee Mrs. Annie Ward Van Orden, then Annie Ward, a child about 11 years of age, $500, an undivided interest in a piece of land in Ballinger, and other property not necessary to specify. Had Mrs. Morphis died intestate, Gardner, as her only heir, would have taken her entire estate. At the time Mrs. Morphis died and during nearly a year afterwards it was not known that she left a will. Her will was found by Gardner about December, 1896, it seems. Instead of probating the will when he found it, Gardner concealed its existence from Mrs. Van Orden, and having, as Mrs. Morphis' only heir, taken possession of all the property belonging to her estate, including about the sum of $1,200 in money and vendor lien notes aggregating the sum of $400, which he collected in December, 1896, retained possession thereof and used same as his own until his death, which occurred January 19, 1906. At the time he died, Gardner's estate, including $13,500 insurance on his life, was worth about $30,000. He left a will, by the terms of which he bequeathed to Mrs. Van Orden $1,000, to various other persons sums aggregating $3,900, and to his stepmother, ap-

pellant Mrs. Hattie Pitts, the remainder of his estate. About March, 1906, Mrs. Pitts, as executrix of his will, paid to Mrs. Van Orden the $1,000 thereby bequeathed to her. Mrs. Van Orden did not learn of the existence of the will left by Mrs. Morphis until February, 1912. Having shortly after that date secured possession of the will, Mrs. Van Orden commenced proceedings to probate it, and then, joined by her husband, brought suit against Mrs. Pitts and her husband and obtained the judgment for $1,425.40 (enforceable only against property belonging to the estate of said Gardner in their hands), from which this appeal is prosecuted. It appeared that Mrs. Van Orden, as the heir of Mrs. Adkins owned a one-third undivided interest in the Ballinger lot; that the heirs of one Ward owned an undivided one-third interest therein; and that Mrs. Morphis at the date of her death owned the other undivided one-third interest in the lot. By the terms of Mrs. Morphis' will one-half of her one-third interest in the lot was devised to Mrs Van Orden. In July, 1900, the owners of the undivided interests, including Mrs. Van Orden, who acted by one Turney, her guardian, under proper orders of the probate court sold the Ballinger lot for $350. The sum representing the proceeds of Mrs. Morphis' one-third interest in the lot, to wit, $116.33, was paid to Gardner as the owner of that interest. One-half of the sum so paid to him, to wit, $58.16, represented the interest in the lot which Mrs. Morphis had bequeathed to Mrs. Van Orden and should have been paid to her guardian instead of to Gardner. For the purpose of disposing of this appeal it is not necessary to notice Mrs. Van Orden's pleadings further than to say that by her original petition she sought to recover the $500 and interest thereon bequeathed to her by Mrs. Morphis, and by her supplemental petition sought to recover said $58.16 and interest thereon representing the proceeds of the sale of her interest in the Ballinger lot.

It was contended in the court below, and is here, that the acceptance by Mrs. Van Orden of the bequest made to her by Gardner operated to satisfy her claim against him on account of the conversion by him of the $500 and $58.16 belonging to her by the terms of Mrs. Morphis' will. The contention is based on the rule well established by the authorities "that a legacy given by a debtor to his creditor, which is equal to or greater than the debt, is, in the absence of a contrary intention, to be deemed a satisfaction of the debt." 18 A. & E. Enc. Law (2d Ed.) p. 769; 1 Underhill on Wills, § 450. The rule, it seems, is one of construction, founded on a presumption as to the intention of the testator. There is an utter absence of anything in the record before us indicating an intention on the part of Gardner that the bequest made by him to Mrs. Van Orden should not operate as a payment of his debt to her; and, if that bequest was equal to or greater than that debt, there is no reason why the contention should not be sustained, unless it is true, as appellees insist it is, that the rule is not applicable because Gardner's indebtedness to Mrs. Van Orden was for "trust funds." That the rule is not applicable when the debt of the testator is for such funds is declared to be the law in 18 A. & E. Enc. Law (2d Ed.) p. 773, cited by appellees, on the authority of Taylor v. Taylor, 4 Jur. N. S. 1218, Tompson v. Wilson, 82 Ill. App. 29, and Van Riper v. Van Riper, 2 N. J. Eq. 1. We have not had access to either of the cases cited and therefore have been unable to determine whether they support the statement of the author of the article in the encyclopedia referred to or not. From statements made in the Century and Decennial Digests as to the points decided in the Illinois and New Jersey cases, we would expect to find, if we had access to them, that they did not support that author's statement. In Tompson v. Wilson, 82 Ill. App. 29, the note in 20 Decennial Digest, p. 1556, of the point decided is as follows: "Where a legacy is given to a creditor, it is deemed a satisfaction of the debt in cases where it is equal to or greater in amount than the debt, of the same nature, certain, and not contingent, and if there appear to be no particular motive for the gift." In Van Riper v. Van Riper, 2 N. J. Eq. 1, the notes in 49 Century Digest, pp. 2623, 2626, and 2629, of the points decided are as follows: "A legacy will be presumed to be a satisfaction of a debt of the legatee against the testator, where there are no circumstances, or upon the face of the will, showing a different intention. * * * When the testator directed his executors 'to pay all his just debts,' and devised a legacy to a creditor payable when the legatee arrives at age, and the debt due the legatee was unliquidated, the legacy was not a satisfaction of the debt, since a present debt cannot be satisfied by a contingent legacy. * * * After a direction in a will for the payment of 'all the just debts' of the testator, specific legacies were given to creditors of the testator. Held, that the legacies were not a satisfaction of the debt." In the Van Riper Case the testator in his will directed the payment of his debts, and the court, it seems, treated the case as within a qualification of the rule stated as follows in 18 A. & E. Enc. Law (2d Ed.) p. 770: "In the absence of evidence of a contrary intention, a legacy equal to or greater than the testator's indebtedness is not to be deemed a satisfaction where there is an express direction in the will for the payment of the testator's 'debts and legacies' or his 'debts.'" The case before us is not within the qualification stated and is distinguishable from the Van Riper Case in the fact that Gardner in his will made no mention of debts he owed. We see no reason why a distinction dependent on the character of the debt due by the testator should be made in

the application of the rule, and therefore do not accept as a correct interpretation of the law the statement made in said encyclopedia. The question in every case, we assume, is one as to the intention of the testator. If the debt is one he can satisfy by a payment directly to the legatee, we see no reason why the presumption should not be indulged without reference to whether the debt is one for trust funds or not. Gardner's debt to Mrs. Van Orden was one he could, at the date of his death, have satisfied by a payment directly to her, for she was then past 21 years of age. That he intended the bequest to her to operate as a payment of the debt he owed her is supported by the presumption the law requires a court to indulge in construing such a will under circumstances shown by the record. As already stated, there was no testimony whatever aliunde the will tending to show that Gardner did not intend the bequest to operate as a payment of his indebtedness to appellee. On the contrary, we think the declaration he made to the witness Jones, about a year after the death of Mrs. Morphis, when he found her will, that if he did not probate same he would give to Mrs. Van Orden the property or its equivalent thereby bequeathed to her tended to show that he intended the bequest to operate as a satisfaction of his obligation to Mrs. Van Orden.

[1] Without reference to whether it should be said that Gardner occupied towards Mrs. Van Orden the position of a trustee or not, which is a question we are inclined to think should be answered in the negative, it follows from what we have said that we are of the opinion the judgment should have been in favor of appellants, unless the bequest made by Gardner to Mrs. Van Orden was of a sum not as great as his debt to her. It also follows from what has been said that we are of the opinion that Gardner was not liable to Mrs. Van Orden for interest on his indebtedness to her at the highest rate allowed by law on the ground that as trustee of her property he had converted it to his own use, as determined by the trial court. If those conclusions are correct, then it follows that the bequest made by Gardner to Mrs. Van Orden exceeded his indebtedness to her at the date said bequest was paid to and accepted by her, for that indebtedness, including 6 per cent. interest, even if the $58.16 claimed in the supplemental petition should be included as a part thereof, at the time said bequest from Gardner was accepted by Mrs. Van Orden, amounted to only about the sum of $853.

We think the judgment is wrong and that it should be reversed. No reason is apparent why the case should be remanded for a new trial. Therefore judgment will be rendered here that appellees take nothing by their suit against appellants, and that they pay the costs accruing in both this court and the court below.

On Motion for Rehearing.

[2] It is insisted in the motion that the conclusion reached by us that there was nothing in the record indicating an intention on the part of Gardner that the bequest made by him to Mrs. Van Orden should not operate as a payment of his debt to her is erroneous; and in support of the contention it is pointed out that Gardner and Mrs. Van Orden were cousins and as children had grown up together; that he made bequests to other persons to whom he was neither related nor indebted; and that he left an estate more than sufficient to satisfy any debts he owed and all the special bequests he made. We have concluded that the contention should be sustained. We should have overruled all the assignments except the first, eighth, seventeenth, and nineteenth and those in which appellants complained of the action of the court in directing the jury to compute interest at the rate of 10 per cent. per annum on the amount of Gardner's indebtedness to appellee and, sustaining the assignments excepted, should have reversed the judgment, but, instead of here rendering judgment in favor of appellants, should have remanded the cause for a new trial. To cure our error the motion will be granted and the judgment heretofore rendered by us will be set aside, except so far as it reversed the judgment of the court below, and the cause will be remanded for a new trial.